IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| ANTHONY HORNUNG, | : | |
| 407 East Avenue 2nd Floor | : | |
| Erie, Pennsylvania 16507 | : | |
| | : | JURY TRIAL DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CASE NO.  1:21-cv-310 |
| McSHANE WELDING COMPANY | : | |
| 12 Port Access Road | : | |
| Erie, Pennsylvania 16507 | : | |
| | : | |
| Defendant. | : | |
| | : | |

# CIVIL ACTION COMPLAINT

## I.  NATURE OF CLAIM

And now Plaintiff, Anthony Hornung, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to the Americans with Disabilities Act and its 2008 amendments ("ADA"), the Families First Coronavirus Response Act and the Pennsylvania Human Relations Act ("PHRA"), have been violated and avers as follows:

## II.  PARTIES AND JURISDICTION

1.  Plaintiff, Anthony Hornung, hereinafter ("Hornung") or ("Plaintiff") is an individual and citizen of the Commonwealth of Pennsylvania. He resides at 407 East Avenue 2nd Floor, Erie, Pennsylvania 16507.

2.  Defendant, McShane Welding Company, ("Defendant") employed Mr. Hornung at 12 Port Access Road, Erie, Pennsylvania 16507.

3.  At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

1

4. Plaintiff exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act (See Exhibit "A," a true and correct copy of a Notice of Dismissal and Right to Sue forwarded by the EEOC).

5. This civil action for disability discrimination and retaliation is instituted pursuant to the ADA, the Pennsylvania Human Relations Act, 43 P.S. § 951-963, and applicable state law.

6. This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

7. Additionally, pursuant to 28 U.S.C. §1367, this Court has Supplemental jurisdiction to hear all of Plaintiff's claims arising under the PHRA.

8. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

### III.   FACTUAL ALLEGATIONS

9. Mr. Hornung was hired by Defendant on or about October 2019 as a fabricator at McShane Welding Company and by all accounts was a loyal diligent and competent employee.

10. Mr. Hornung suffers from asthma with flares.

11. Further, during the relevant time period at issue, Mr. Hornung's wife was pregnant and he had three young children at home.

12. Due to his concern of catching COVID 19, in or around March 2020, Plainitff reported Defendant to the Erie County Department of Health for running the business with no Personal Protective Equipment and for not following the CDC COVID 19 guidelines.

13. From April 16, 2020, until June 2, 2020, Mr. Hornung was being treated for acute severe bronchitis.

14. Plaintiff's doctor had written him out of work until three days after he was symptom free from the respiratory virus.

15. Defendant was fully aware of Mr. Hornung's vulnerable circumstance as Plainitff had provided Defendant with the doctor's note for the excused absence.

16. Defendant was also aware of the dangers COVID 19 presented to Plainitff as Plaintiff's medial conditions made him "high risk" per the CDC guidelines.

17. On June 3, 2020, while off from work because of his illness, Mr. Hornung was terminated from his employment by his supervisor James McShane. Defendant told Plaintiff that the reason for his termination was that he did not keep Defendant informed of his medical condition.

18. Mr. Hornung was terminated for the absurd reason that Mr. Hornung did not call in "every so often", even though Defendant knew of his condition and circumstances and never instructed Mr. Hornung of any such requirement.

19. Defendant had no established call in procedures for medial absences.

20. Defendant's termination of Mr. Hornung in light of his disabled condition, particularly in light of the Covid 19 pandemic and the company's refusal to adhere to the public policy of the Commonwealth, violated the ADA, the PHRA and the Families First Coronavirus Response Act (FFCRA).

### III. CAUSES OF ACTION

**COUNT I
TITLE I CLAIM–AMERICANS WITH DISABILITIES
ACT DISCRIMINATION
(42 U.S.C.A. § 12101 et
seq)**

3

21. Mr. Hornung incorporates the preceding paragraphs as if fully set forth at length herein.

22. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not discriminate against an employee based on a disability.

23. Mr. Hornung is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

24. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

25. Plaintiff's suffers from asthma with flares and during the relevant time period at issue Plaintiff was diagnosed with bronchitis.

26. Plaintiff's medical conditions during the relevant time period at issue substantially limited the major life activities of caring for himself, speaking, breathing, communicating, and working.

27. At all times material hereto, Mr. Hornung had a qualified disability, as described above.

28. Defendant failed to engage in the interactive process after Mr. Hornung told Defendant he needed medical accommodations.

29. As a proximate result of Defendant's conduct, Mr. Hornung sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr. Hornung has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

30. As a result of the conduct of Defendant's owners/management, Mr. Hornung hereby demands punitive damages.

31. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Mr. Hornung demands attorneys' fees and court costs.

## COUNT II
## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT RETALIATION
## (42 U.S.C.A. § 12101 et seq)

32. Mr. Hornung incorporates the preceding paragraphs as if fully set forth at length herein.

33. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not retaliate against an employee based his exercising his rights under the Americans with Disabilities Act.

34. Mr. Hornung is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

35. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

36. As set forth above, Mr. Hornung engaged in protected activity when he requested accommodations for his disability.

37. Defendant failed to engage in the interactive process after Mr. Hornung told Defendant he needed medical accommodations.

38. As a proximate result of Defendant's conduct, Mr. Hornung sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages

5

and Mr. Hornung has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

39. As a result of the conduct of Defendant's owners/management, Mr. Hornung hereby demands punitive damages.

40. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Mr. Hornung demands attorneys' fees and court costs.

## COUNT III
## RETALIATION IN VIOLATION OF THE FFCRA

41. By way of reference, Plaintiff repeats and incorporates each and every foregoing paragraph as if fully set forth herein.

42. Plaintiff, at all times relevant herein, was an "employee" and/or "covered employee" pursuant to the FFCRA/EPSLA.

43. Defendant, at all times relevant herein, was an "employer" and/or "covered employer" pursuant to the FFCRA/EPSLA and was not exempt from the requirements of the FFCRA/EPSLA.

44. The EPSLA prohibits employers from discharging any employee because the employee took qualifying paid sick leave and requires an employer to restore an employee to the same or equivalent position after taking qualifying sick leave. 29 C.F.R. §§ 826.130(a), 826.150(a).

45. As a result of Plaintiff's protected leave under the FFCRA/EPSLA, Defendant terminated Plaintiff's employment.

46. Any non-retaliatory reason(s) offered by Defendant for Plaintiff's termination is pretextual.

6

47. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered lost wages and significant emotional distress because of his termination.

48. Plaintiff also seeks liquidated and/or punitive damages to the fullest extent of the law, as well as reasonable attorneys' fees and costs of suit.

## COUNT IV
## VIOLATION OF THE PHRA

49. Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

50. Based on the foregoing, Plaintiff alleges that Defendant violated the Pennsylvania Human Relations Act ("PHRA") by subjecting him to discrimination on the basis of his disability.

51. Plaintiff further alleges that Defendant violated the PHRA by retaliating against him when he engaged in the protected activity of making complaints of discrimination related to his disability.

52. Defendant's conduct caused Plaintiff to sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

53. As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

54. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* Plaintiff demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Anthony Hornung, demands judgment in his favor and against Defendant, McShane Welding Company, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

DATE: November 8, 2021                              **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: s/ Mary LeMieux-Fillery
**MARY LEMIEUX-FILLERY, ESQUIRE**
(P.A. ID 312785)
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Telephone: (267) 546-0132
Telefax: (215) 944-6124
Email: Maryf@EricShore.com
*Attorney for Plaintiff, Anthony Hornung*

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

11/08/2021

(Date Signed)

Electronically Signed — 2021-11-08 19:26:58 UTC - 107.77.225.99
AssureSign® — 83ecd893-c581-4b5d-9b2d-adda013c7bbd

Anthony Hornung